T.C. Memo. 2001-142


UNITED STATES TAX COURT


HOLLAND E. BYNAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8397-00.                      Filed June 15, 2001.


Holland E. Bynam, pro se.

<u>Susan M. Pinner</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax for the taxable
year 1998 in the amount of $5,394.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 1998, the taxable year in
issue.

The issue for decision is whether a portion of the compensation received by petitioner in his capacity as a Junior Reserve Officers' Training Corps (JROTC) instructor from a local school district is excludable from gross income.[2]  We hold that no portion of such compensation is excludable.

## FINDINGS OF FACT

Most of the facts have been stipulated, and they are so found.  Petitioner resided in Houston, Texas, at the time that his petition was filed with the Court.

Petitioner's Career

After graduating from college, petitioner entered military service in 1957 as a lieutenant in the U.S. Army.  Twenty-six years later, in 1983, petitioner retired from active duty as a colonel, having attained that rank in 1979.

Upon retirement from active duty, petitioner became entitled to receive retired pay from the Army.  However, as a retired military officer, petitioner was no longer entitled to receive (and never in fact received) any military allowances, such as a basic allowance for quarters, a basic allowance for subsistence, or a variable housing allowance.

In August 1987, petitioner was hired by the Houston Independent School District (HISD) as a JROTC instructor.  Since

_____

[2] An adjustment to petitioner's itemized deductions is a mechanical matter, the resolution of which depends on our disposition of the disputed issue.  See sec. 67(a).

that time, petitioner has remained continuously employed by HISD in the JROTC program. At the time of trial, petitioner was deputy director of the JROTC program for 25 high schools within the HISD system.

Petitioner's employment by HISD as a JROTC instructor (and subsequently as a JROTC administrator) did not affect either petitioner's right to receive retired pay from the Army nor the amount of such pay.

The JROTC Program

The JROTC program is authorized by 10 U.S.C. sec. 2031 (1994). Its purpose is "to instill in students in United States secondary educational institutions the values of citizenship, service to the United States, and personal responsibility and a sense of accomplishment." 10 U.S.C. sec. 2031(a)(2). Retired officers may serve as instructors and administrators, consistent with the following provisions of 10 U.S.C. sec. 2031(d):

> (d) Instead of, or in addition to, detailing officers and noncommissioned officers on active duty * * *, the Secretary of the military department concerned may authorize qualified institutions to employ, as administrators and instructors in the program, retired officers * * * whose qualifications are approved by the Secretary and the institution concerned and who request such employment, subject to the following:
>
> (1) A retired member so employed is entitled to receive the member's retired or retainer pay without reduction by reason of any additional amount paid to the member by the institution concerned. In the case of payment of any such additional amount by the institution concerned, the Secretary of the military department concerned shall pay to that institution the amount equal to one-half of the amount paid to the retired

member by the institution for any period, up to a maximum of one-half of the difference between the member's retired or retainer pay for that period and the active duty pay and the allowances which the member would have received for that period if on active duty. Notwithstanding the limitation in the preceding sentence, the Secretary concerned may pay to the institution more than one-half of the additional amount paid to the retired member by the institution if (as determined by the Secretary) the institution is in an educationally and economically deprived area and the Secretary determines that such action is in the national interest.  Payments by the Secretary concerned under this paragraph shall be made from funds appropriated for that purpose.

(2) Notwithstanding any other provision of law, such a retired member is not, while so employed, considered to be on active duty or inactive duty training for any purpose.

In implementing the statute, the Department of Defense (DOD) has issued directives specifying the manner in which retired officers who serve as JROTC instructors are to be compensated by the employing school district.  In this regard, paragraph 1.3 of Enclosure 2 of DOD Instruction Number 1205.13 (Dec. 26, 1995)[3] provides that secondary schools participating in the JROTC program will pay retired officers in accordance with the following procedures:

The [secondary educational] institution is the employing agency and shall pay the full amount due the JROTC instructor.  The JROTC instructor shall receive retired or retainer pay from the U.S. Government.

The amount due from the institution is the amount equal to the difference between retired or retainer pay

---

[3]  The parties stipulated to the applicability of this directive to the year in issue.

and the active duty pay and allowances that the JROTC instructor would receive if ordered to active duty. The institution shall be reimbursed for JROTC instructor salaries at the rate of one-half the difference of instructor retirement or retainer pay and active duty pay and allowances. For calculating JROTC instructor pay, "active duty pay and allowances" shall be limited to basic pay, basic allowance for quarters, allowance for variable housing (VHA), * * * and basic allowance for subsistence. The level of active duty pay and allowances, less retired or retainer pay, is the minimum salary the institution shall pay JROTC instructors. That should not be considered an attempt to cap or limit the amount of pay that may be agreed between the individual JROTC instructor and the employer.

The institution may pay more than the amount equal to the difference between retired or retainer pay and individual active duty pay and allowance rate, but shall do so without additional entitlement for reimbursement from the Federal Government. * * *

Minimum JROTC Pay and Reimbursement to HISD

As illustrative of the foregoing provisions, the minimum JROTC instructor pay that petitioner was entitled to receive from HISD for the month of April 1998 was $3,929.44, and the amount of reimbursement that HISD was entitled to receive from the Federal Government for that same month was $1,964.72, determined as follows:

Minimum JROTC instructor pay
Basic pay (active duty colonel)             $6,461.70
Plus: Active duty allowances
   Basic allowance for quarters (BAQ)           939.60
   Basic allowance for subsistence (BAS)        155.70
   Variable housing allowance (VHA)             327.44
Total active duty pay (colonel)              7,884.44
Less: retired pay rec'd. by petitioner      -3,955.00
Minimum JROTC instructor pay                 3,929.44

```
Reimbursement
Minimum JROTC instructor pay              $3,929.44
Less: Reimbursement percentage (50%)     -1,964.72
Reimbursement                             1,964.72
```

## Petitioner's Income and Tax Return

Petitioner received retired pay in 1998 from the Army in the amount of $46,320.  This amount was paid to petitioner in respect of his 26 years of active duty service in the Armed Forces. Petitioner reported this amount in full as a pension or annuity on line 16b of his 1998 income tax return.

Petitioner received compensation in 1998 from HISD in the amount of $50,997.  This amount was paid to petitioner for services rendered in the JROTC program.  Petitioner reported $33,923 of this amount as compensation on line 7 of his 1998 income tax return and excluded the balance, or $17,073.[4] Petitioner attached a statement to his return stating that the excluded amount represents "qualified military benefits" that are "not taxable and should be excluded from gross income." Petitioner computed the excluded amount as follows:

```
Basic Allowance for Quarters (BAQ):    $939.60/month x 12 months = $11,275
Basic Allowance for Subsistence (BAS): $155.70/month x 12 months =   1,869
Variable Housing Allowance (VHA):      $327.44/month x 12 months =   3,929
Total Allowances                                                    17,073
```

---

[4] There is a $1 error; petitioner meant to enter $33,924 on line 7 of his tax return.

Respondent's Determination

In the notice of deficiency, respondent determined that no portion of the JROTC pay that petitioner received from HISD is excludable from income. Accordingly, respondent increased petitioner's taxable income by the amount petitioner excluded.

OPINION

We begin our discussion with section 61(a). That section defines gross income as "all income from whatever source derived, including (but not limited to) * * * (1) Compensation for services, including fees, commissions, fringe benefits, and similar items". Military pay received by members of the Armed Forces is also within the scope of section 61(a). See sec. 1.61-2(a)(1), Income Tax Regs.

Congress may, if it chooses, specifically exempt certain items from gross income. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Thus, for example, certain military compensation, such as compensation received by members of the Armed Forces serving in combat zones, is excluded from gross income. See sec. 112. Moreover, military subsistence, uniform allowances, and other amounts received as commutation of quarters are excludable from gross income. See sec. 1.61-2(b), Income Tax Regs.

The issue before us is whether the pay that petitioner received as a JROTC instructor included (or should be deemed to include) nontaxable military allowances, or whether such pay (in its entirety) was nothing other than an amount received as compensation for services rendered.

Petitioner contends that a portion ($17,073) of his JROTC pay represents "qualified military benefits" that are excludable from gross income pursuant to 10 U.S.C. sec. 2031(d) and section 134 of the Internal Revenue Code. We disagree.

Petitioner relies heavily on the statute and the DOD directive providing that the total compensation received by a retiree-instructor is equal to the difference between retired pay and active duty pay plus "allowances" that the retiree-instructor would receive if ordered to active duty. In this regard, petitioner proposes that the statute and the DOD directive establish "equitable parity" in the compensation of retired and active duty instructors. Petitioner then argues for an exclusion from income equal to the sum of the allowances received by active duty members of the same rank; otherwise, in petitioner's view, the disposable income that he would receive as a JROTC instructor would be less than that of an active duty officer performing identical services. However, petitioner's contention is flawed in several fundamental respects.

Initially, we note that petitioner, in his capacity as a JROTC instructor, is not, while so employed, considered to be on active duty for any purpose. See 10 U.S.C. sec. 2031(d)(2). We addressed this matter in <u>Lyle v. Commissioner</u>, 76 T.C. 668 (1981), affd. without published opinion 673 F.2d 1326 (5th Cir. 1982), and in <u>Tucker v. Commissioner</u>, T.C. Memo. 1999-373. The fact that Congress never intended to afford similar treatment to active duty officers and retired officers serving as JROTC instructors is evident because:

> The legislative history [of 10 U.S.C. sec. 2031] does not suggest that Congress intended to establish "parity" between active duty and retired officers serving as Junior ROTC instructors; instead, retired officers were to be utilized in order to permit expansion of the Junior ROTC program at lesser cost and with fewer drains on active duty military strength than would be required if the program were staffed by active duty personnel. * * * Thus, it appears that the "additional amount" paid to retired officers [by the employing school] was not intended to provide either basic pay or allowances to reimburse retired officers serving as Junior ROTC instructors for their costs for meals and quarters. Instead, the "additional amount" was designed as an incentive payment to induce retired personnel to accept employment as Junior ROTC instructors so that the Government could realize economies in staffing the Junior ROTC program. * * * [<u>Lyle v. Commissioner</u>, <u>supra</u> at 676.]

Petitioner also contends that a portion of his pay as a JROTC instructor is excludable from gross income because the source of such pay is the Federal Government and the employing school is not given discretion with respect to compensation scales.

Although it is true that the Federal Government reimburses school districts for one-half the "additional amount" paid to retired officers, see 10 U.S.C. sec. 2031(d)(1), the ultimate burden of disbursing funds and establishing compensation scales lies with the employing school, see Lyle v. Commissioner, supra at 674; Tucker v. Commissioner, supra. In this regard, the employing institution is responsible for issuing compensation checks and Forms W-2 to all of its employees. Petitioner's understanding of the degree of control that the employing school exercises is illustrated by the following passage from the trial transcript:

> The civilian folk who are really the employing -- they're designated as the employing agency for good reasons. They've got to keep the records, they've got to turn in the W-2 materials, they can fire you.
>
> *   *   *   *   *   *   *
>
> The principal can recommend retention or recommend that you lose your credentials for being able to teach, or in the case of a serious violation * * * they can recommend immediate dismissal * * *

Clearly, the Federal Government does not assume any kind of employer status. Therefore, it is inconceivable that any portion of the compensation that petitioner received as a JROTC instructor could be classified as a subsistence, quarters, or variable housing allowance from the Armed Forces. See Lyle v. Commissioner, supra at 674.

Further, the statutory provision, in conjunction with the implementing directives issued by DOD, simply establishes a formula for computing the minimum "additional amount" of compensation retired instructors are entitled to receive from the employing school and the maximum portion of such additional amount that will be reimbursed by the Federal Government. See id. at 675. Moreover, the "additional amount" is not in the form of basic pay or an allowance afforded to active duty officers. Id. at 676. Rather, the "additional amount" is tantamount to an inducement offered to persuade retired personnel to accept employment as JROTC instructors. Id.

The active duty pay is merely a guideline in determining the level at which JROTC instructors are to be compensated. Consequently, each school district is given discretion to compensate their JROTC instructors in amounts greater than the statutory "additional amount", subject to the condition that there will be no additional reimbursement from the Federal Government. Thus, the only limitation imposed on school districts is that instructors must, at a minimum, be paid the "additional amount" set out in the statute. Id. at 674.

In view of the foregoing, we hold that no portion of the JROTC pay that petitioner received from HISD is excludable from gross income pursuant to 10 U.S.C. sec. 2031(d).

Petitioner also relies on section 134 to support his argument that a portion of his compensation from HISD is excludable from gross income.

Section 134(a) provides that "Gross income shall not include any qualified military benefit."  The term "qualified military benefit" is defined by section 134(b)(1) as:

> any allowance or in-kind benefit * * * which--
>      (A) is received by any member or former member of the uniformed services of the United States * * * <u>by reason of such member's status or service as a member of such uniformed services</u>, and
>      (B) was excludable from gross income on September 9, 1986, under any provision of law, regulation, or administrative practice which was in effect on such date (other than a provision of this title). [Emphasis added.]

Petitioner focuses narrowly on the phrase "member or former member" in section 134(b) to support his contention that he falls within the exclusionary rule of section 134(a).  Petitioner reasons that the "member or former member" language was inserted to apply to "some category of [authorized] personnel other than active members * * * [and] there would be no other reason for these particular benefits being mentioned if not for the tax treatment of JROTC instructors".  We disagree.

Petitioner did not receive any "qualified military benefit" within the meaning of section 134(b)(1).  First, petitioner's JROTC pay did not constitute an allowance or in-kind benefit.

Indeed, as petitioner acknowledged at trial, "I don't get paid allowances."  Further, petitioner received nothing from the Federal Government, other than the retired pay to which he was entitled regardless of whether he participated in the JROTC program.  Second, petitioner's JROTC pay was not received "by reason of [petitioner's] * * * status or service as a member of such uniformed services".  Rather, as this Court has previously held, the pay received by a retired officer as an instructor in the JROTC program is not received by reason of the officer's status as a "member or former member" of the uniformed services, but rather is received as compensation for services rendered to the employing school district.  See Tucker v. Commissioner, supra (citing Lyle v. Commissioner, supra at 675-676).

In view of the foregoing, we hold that no portion of petitioner's compensation from HISD is a "qualified military benefit" within the meaning of section 134(a).  Petitioner's reliance on the "member or former member" language in section 134(b) is misplaced.

Conclusion

No portion of the compensation received by petitioner in his capacity as a JROTC instructor from HISD is excludable from gross income.  Respondent's determination is therefore sustained.

We have considered all of the other arguments made by

petitioner, and, to the extent that we have not specifically discussed them above, we find those arguments to be without merit.

In order to give effect to our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent</u>.